## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANK WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| FMA ALLIANCE, LTD, | ) | |
| | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

### COMPLAINT

### I. INTRODUCTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### II. JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III. PARTIES

4. Plaintiff, FRANK WASHINGTON ("Plaintiff"), is a natural person who at all relevant times resided in the State of Oklahoma, County of Rogers, and City of Claremore.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, FMA ALLIANCE, LTD. ("Defendant") or ("FMA") is a Limited company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     Defendant placed a call to Plaintiff's cellular telephone on September 20, 2010 @ 7:18 A.M., a time Defendant knew, or should have known, to be inconvenient for Plaintiff.

12.     Defendant caused Plaintiff's cellular telephone to ring repeatedly and continuously after having received a letter from Plaintiff demanding that Defendant cease

and desist from making further contact with Plaintiff via telephone calls, Defendant continued to place such calls to Plaintiff repeatedly with the intent to annoy, harass and/or abuse Plaintiff. (See letter from Plaintiff, attached hereto as Exhibit "A").

13. Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice including, but not limited to, the following dates and times: on August 10, 2010 @ 8:16 A.M., September 15, 2010 @ 12:21 P.M., September 16, 2010 @ 4:33 P.M., September 17, 2010 @ 3:03 P.M., September 17, 2010 @ 4:49 P.M., September 17, 2010 @ 4:50 P.M., September 20, 2010 @ 7:18 A.M., September 20, 2010 @ 12:54 P.M., September 22, 2010 @ 1:19 P.M., September 22, 2010 @ 1:34 P.M., September 24, 2010 @ 1:02 P.M., September 25, 2010 @ 12:59 P.M. and September 25, 2010 @ 1:16 P.M.

14. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16. Defendant communicated with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff in violation of § 1692c(a)(1);

17. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

19. Defendant communicated with Plaintiff after receiving a letter from Plaintiff demanding that Defendant cease and desist from making further contact with Plaintiff via telephone calls in violation of § 1692c(c);

20. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

22. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy, or abuse Plaintiff in violation of § 1692d(5);

23. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

25. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without prior express consent of Plaintiff, using an automatic telephone dialing system and/or artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 8th day of December, 2010

    By: <u>s/Alex D. Weisberg</u>
       Alex D. Weisberg
       WEISBERG & MEYERS, LLC
       5722 South Flamingo Road, Ste. 656
       Cooper City, FL 33330
       (954) 212-2184
       (866) 577-0963facsimile
       AWeisberg@AttorneysForConsumers.com
       Attorney for Plaintiff